

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION



| | | |
|---|---|---|
| GREGORY DITCH, | : | Case: |
| PLAINTIFF | : | |
| | : | **24cv2456** |
| | | **Judge Gottschall** |
| | | **Judge McShain** |
| V | : | **Randomly Assigned CAT 2** |
| | : | |
| MELISSA OSKROBA, | | |
| (IN HER INDIVIDUAL CAPACITY) | : | |
| DEFENDANT | : | |

**COMPLAINT AT LAW NOW COME:**

1. The Plaintiff, Gregory Ditch, and Defendant, Melissa Oskroba, state and belief as follows:

**INTRODUCTION:**

2. This complaint is brought by Plaintiff to seek redress and damages, under 42 U.S.C. §1983 and Illinois common law, for violation of the First Amendment and proximately resulting from the unreasonable, deliberately indifferent, intentional and conscience shocking conduct of the Defendant identified herein, which conduct was in violation of the constitutional and state common law rights of the Plaintiff, Gregory Ditch.

**JURISDICTION AND VENUE:**

3. This court original jurisdiction over the subject matter of the claims brought under Illinois common law herein. This Court has concurrent jurisdiction over the subject matter of the federal claims in this action under the authority of 42 U.S.C. §1983 for claims that arise under the Constitution and laws of the United States of America. Tampam Farms, Inc. v. Supervisor of Assessments for Ogle County, 271 Ill.App.3d 798, 803 (2ndDist.1995).

**THE PARTIES:**

4. The Plaintiff, Gregory Ditch, is a private citizen of Kendall County, Illinois. Mr. Ditch has never been accused or convicted of any serious crimes and has always been an upstanding and decent citizen in his community. Mr. Ditch is a former employee of the Naperville Community School District 203 (District 203), where he was employed from approximately August 2020 until May 2023 when he voluntarily resigned.

5. The Defendant, Melissa Oskroba, was at all times relevant Mr. Ditch's former supervisor at Naperville Community Unit School Distric 203t. Mrs. Oskroba was at all times acting under the color of law and being sued in her individual capacity.

## FACTS COMMON TO ALL ABOUT THE COMPLAINT

6. On March 20, 2024, the Plaintiff was issued a cease-and-desist order from District 203 legal counsel on behalf of Melissa Oskroba (Exhibit A). The cease-and-desist order, at the request of Defendant Oskroba, made illegal demands and requests and accused the Plaintiff of actions he did not commit.

7. The Plaintiff wishes to make it clear to the court that he is currently suing Oskroba and other District 203 officials in two separate cases relating to the violation of his rights before and after his voluntary resignation of employment. The Plaintiff believes the Defendant is using this cease and desist to harass and intimidate the Plaintiff.

8. Defendant Oskroba claims that Plaintiff Ditch has contacted her ex-spouse to ask questions regarding her (Oskroba's) credibility. The Plaintiff wishes to make it clear that he

has never had contact with Mrs. Oskroba's former spouse and has never directed or asked anyone to contact this person. The Plaintiff does not deny making statements in prior court filings and public records regarding the truthfulness and credibility of Mrs. Oskroba based upon emails asking for school property (Exhibit B) and altering inventory lists (Exhibit C). However, the Plaintiff does deny making any contact with Mrs. Oskroba's former partner or any other friend or associate of Oskroba.

9. The letter written on behalf of Oskroba (Exhibit A), by Joseph Perkoski claims there is reason to believe that Plaintiff Ditch is somehow responsible for this unidentified individual reaching out Oskroba's former partner. The letter provides no other contact or the reason to believe that Plaintiff Ditch is responsible for this questioning. There is no context as to whether this contact was consensual or the method in which the contact was made.

10. Plaintiff Ditch denies any knowledge or involvement of this unidentified individual making contact with Mrs. Oskroba's former partner. Plaintiff Ditch also wishes to make it known that he does not know the name of this person, location, or any details that would assist him in locating this person. Plaintiff Ditch also wishes to state he does not feel a character reference from this individual would be beneficial or helpful.

11. The allegations made by Defendant Oskroba are baseless and cannot proven to be true and Defendant Oskroba has never provided any evidence that would make any rational and reasonable person believe that Plaintiff Ditch sought out this person.

12. The second allegation in the cease-and-desist was that Plaintiff Ditch was responsible for a petition titled "Terminate Melissa Oskroba". The Defendant offers no evidence or

proof that the Plaitniff is responsible for promoting or circulating any such petition. Other than there are "similar claims" in both the petition and the questioning of the ex-partner of Oskroba that align with current litigation, the Defendant cannot provide any evidence the Plaintiff is responsible for any wrongdoing.

13. The Plaintiff denies the promotion or circulation of any petition written on his behalf; however, the Plaintiff does appreciate those who feel he wrongly targeted and accused of wrongdoing by Defendant Oskroba.

14. The Defendant states that she believes that the Plaintiff started this petition which states her name, picture, and place of employment in order to make her a target. These allegations are completely and utterly absurd and false and the Plaintiff denies any wrongdoing. Mrs. Oskroba has provided this same exact information to the general public for several years on a popular social media platform. A simple Internet search will reveal Mrs. Oskroba's Linkedin profile with her name, place of employment, and picture. (Exhibit E) Mrs. Oskroba is a public employee and her job is funded by taxpayer dollars; this means her (Oskroba) salary, place of employment, job assignment, and other information related to almost anything she does at District 203 is public record.

15. In addition, Mrs. Oskroba voluntary appeared on NBC News in a segment called "Vacation Rental Ruse" where she was filmed on the front porch of her home and provided other information that would make her known to the public. (Exhibit F)

16. The Defendant's act of directing the Plaintiff to remove this petition is illegal and violates the First Amendment. In the state of Illinois, a teacher is recognized as a public

figure and the public has the right to redress any public official. It is not illegal or uncommon for private citizens or students to redress a school or school board for something that they feel is unfair or unjust. Even though the Plaintiff is not responsible for the group protesting the accusations of larceny against him (Ditch) by Oskroba in a mass email sent to students and parents in September 2023 (Exhibit D); the Defendant has no legal right to demand the protest for her termination to end. Forcing anyone to stop a legal protest outside of the school is clearly censorship. Should the Defendant require additional brushing up on this topic, there is likely a copy of the United States Constitution and dictionary located within the confines of the school where she works.

17. The letter sent on behalf of the Defendant demands that the Plaintiff cease contact any friends, family, or associates of hers (Oskroba). The Plaintiff has never knowingly made contact with anyone from Mrs. Oskroba's family; however, the Plaintiff worked at the same facility as the Defendant for 3 years and has several friends and associates in that facility. It is unreasonable for the Defendant to censor the Plaintiff's relationships with former colleagues. The Plaintiff argues that this is a violation of his First Amendment right and has the right to associate with whomever he chooses, so long as this encounter or interaction is consensual.

18. Mrs. Oskroba is acting outside of the scope of her professional duties by illegally trespassing the Plaintiff from public property. The letter demands that the Plaintiff is required to written permission to be on any District 203 owned property. This would again be a violation of the Plaintiff's First Amendment right to attend public meetings or ceremonies at District 203 property. For example, the Plaintiff could be denied permission

to attend a school board meeting where there is an important topic that he wishes to hear. This would also prevent the Plaintiff from redressing any grievance in a public forum against the school board or other officials attending a public hearing at District 203 property.

19. Although the Plaintiff has not been on District 203 since his resignation in May 2023, this trespass means he is not entitled to attend events that the general public is allowed to enjoy. This would include sporting events such as baseball games, soccer games, tennis matches, football games, and lacrosse. In addition, the general public is often allowed to attend concerts, musicals, plays, graduations, and awards ceremonies.

20. The Plaintiff has never been disruptive or asked to leave any event or broken any laws while on District 203 property and trespassing him (Plaintiff) from property that is either traditional public forum or events open to the community is illegal and violates the Plaintiff's civil rights.

21. The cease-and-desist letter also continues by giving the Plaintiff directives to not intimidate or harass any other District 203 employees. Plaintiff Ditch has never attempted to intimidate or harass any District 203 employee. In addition, there is no evidence that Mr. Ditch has been involved in this outrageous and reckless conduct.

### INJURIES TO THE PLAINTIFF

22. Defendant Oskroba has injured Gregory Ditch by preventing him from participating in activities on District 203 property that are open and available for the public to enjoy. Such activities would include but not limited to sporting events, plays, musicals, competitions,

graduations, or charity events. Other non-district activities that take place on District 203 property include health screenings, blood drives, and food banks.

23. Defendant Oskroba has injured Gregory Ditch by preventing him from taking part in any political polling or participating in voting or other related activities that traditionally take place on District 203 property.

24. Defendant Oskroba has injured Gregory DItch by preventing him from attending school board meetings, listening to public comments, or the ability to make public statements.

25. Defendant Oskroba has injured Gregory Ditch by preventing him from making contact with friends, associates, and former colleagues that are employed by District 203.

26. Defendant Oskroba has injured Gregory Ditch by retaliating against him because others have freely expressed their displeasure in the way she publicly shamed him through in a mass email sent to students and parents.

27. Gregory Ditch was ordered by Oskroba to limit the free speech of others by directing DItch to remove an online petition he did not organize or distribute.

28. By exiling Gregory Ditch from District 203 property, forcing him not air his grievances against a public figure, dictating who he may have contact with, and not allowing him access to activities available to the general public; Oksroba continues to violate the First Amendment Rights of Gregory Ditch.

**COUNT I**

**First Amendment Retaliation**

**(42 USC 1983)**

**Against Melissa Oskroba in her individual capacity**

29. The Plaintiff Re-Alleges Paragraphs 1-28 of this complaint if repeated here.

30. The main District 203 administrative building holds scheduled meetings that are open to the general public on a periodic basis. This is a traditional public forum that allows the public to communicate thoughts or discuss public questions. *Frisby v. Schultz 487 US 474, 480 (1988).*

31. It is well established that the First Amendment protects expression on public issues, *Snyder V. Phelps 562 US 443, 451-52 (2011).*

32. Ditch was banished from all District 203 grounds and threatened with arrest because of false and unproven accusations by an employee.

33. The banishment of Plaintiff Ditch from all District 203 property is discriminatory. Ditch's banishment is not based on his conduct on District 203 property, but rather due to retaliation by a specific employee involved in litigation.

34. Oskroba has no legal basis for issuing a permanent trespass notice to the Plaintiff. This has prevented Mr. Ditch from participating in and practicing free speech in the future at public events held on District 203 property.

35. Ditch is entitled to declaratory relief, compensatory damages, nominal damages, and the reasonable costs associated with this lawsuit.

36. Because the retaliatory actions taken by Oskroba were malicious, oppressive, and in reckless disregard to Mr. Ditch's well established First Amendment Rights, Ditch is entitled to punitive damages against Oskroba.

**COUNT II**

**Violation of First Amendment—Freedom from Compelled Speech**

**(42 USC 1983)**

**Against Melissa Oskroba in her individual capacity**

37. The Plaintiff Re-Alleges Paragraphs 1-28 of this complaint if repeated here.

38. Oskroba has demanded that Ditch remove an online petition calling for the "TERMINATION OF MELISSA OSKROBA". *Snyder v. Phelps, 562 US 443, 451-52 (2011)* allows for the freedom of speech and expression of public issues. Mrs. Oskroba sent an email to a large audience of students and parents on September 25, 2023 that accusatory in nature of actions by Mr. Ditch prior to his resignation in May 2023. In addition, as an educator and administrator in District 203; Mrs. Oskroba is indeed considered a public figure in the State of Illinois and is open to criticism of her decisions and policies.

39. The petition, whether or not created by Gregory Ditch, is core political free speech. Mrs. Oskroba claims that her personal information such as her name, photograph, and picture. This is not considered private or protected information as it is all publicly available. The information used in this online petition appears to have been copied from Mrs. Oskroba's social media page on Linkedin. It was not the activists that made Oskroba's information public; she did indeed publish this information on her own. The political speech has not in any way compromised her or made her a target.

40. A restriction on speech is viewpoint discriminatory where the speech is restricted "because of the message" *Rosenberger v. Rector & Visitors of the University of Virginia, 515 US 819, 828 (1995).* Ditch has been banished from District 203 property because one or more of the district's employees disapproved of a message he is associated with.

41. Ditch's banishment from District 203 property is viewpoint discriminatory.

42. Even if Ditch's banishment from District 203 could be justified on a temporary basis, Ditch's expulsion from a traditional public forum such as the school board meetings or publicly accessible events such as sports, plays, or assemblies; expulsion is not tailored for any legitimate District 203 interest.

43. Ditch is entitled to declatory relief, compensatory damages, nominal damages, and reasonable costs associated with this lawsuit against Melissa Oskroba.

44. Because the retaliatory actions taken by Melissa Oskroba were malicious, oppressive, and reckless, against Ditch's well-established First Amendment rights, Ditch is entitled to punitive damages against Melissa Oskroba.

**COUNT III**

**Violation of First Amendment—Prior Restraint of Ditch's Free Speech**

**(42 USC 1983)**

**Against Melissa Oskroba in her individual capacity**

45. The Plaintiff Re-Alleges Paragraphs 1-28 of this complaint if repeated here.

46. On information and belief that Naperville Community Unit School District 203 has implemented a system of prior restraints by issuing trespass warnings denying access to traditionally accessible public spaces for expressive activities. See *e.g. Catron v. City of Saint Petersburg, 658 F. 3d 1260, 1267-69 (11th circuit 2011)*(applying prior restraint doctrine to trespass warnings).

47. On information and belief that the Naperville Community Unit School District 203 delegates to its teachers and administrators, including Melissa Oskroba, there is no authority to issue trespass warnings, or the directives barring individuals from publicly accessible areas or spaces on District 203 property.

48. Oskroba has issued a notice of trespass to Gregory Ditch under Illinois law 720 ILCS 5/21-15 (Criminal Trespass to State Supported Land). It is not believed that Oskroba has the authority to issue trespass warnings or ban certain individuals from buildings, events, and areas of District 203 property open to the general public.

49. Prior restraints are permissible if they were issued pursuant to "narrow, objective, and definitive standards." *Shuttlesworth v. City of Birmingham, 394 US 147, 150-151 (1969)*.

50. On information and belief, Melissa Oskroba as a representative of District 203, did not issue this trespass notice based on narrow, objective, and definitive standards.

51. Oskroba's issuance of a trespass notice to Ditch did not serve a legitimate or legal purpose.

52. Oskroba's basis for issuing a trespass notice is based upon the fact that she claims Ditch may have reached out to her ex-partner in an attempt to get information. There is no proof or evidence that would connect Ditch to this claim. Furthermore, Ditch adamantly denies making contact with Oskroba's former partner and does not know the name or whereabouts of this individual.

53. Oskroba also claims that Ditch is using an online petition with her (Oskroba) information to harass and make her a target. Oskroba only states that Ditch "may" be responsible for this petition. There is no proof or evidence provided by Oskroba that connects Ditch to the petition and Oskroba fails to articulate how she has been harassed by Ditch.

54. Ditch was also advised not to intimidate or harass other district employees; Oskroba has no foundation or basis for this claim as she has provided no evidence that Ditch has harassed or intimidated anyone.

55. In implementing and applying a trespass against Ditch, without an opportunity to appeal this trespass or a meaningful opportunity to be heard, Oskroba has injured Gregory Ditch to his First Amendment right to Free Speech. Ditch is entitled to declatory and compensatory damages, including at least nominal damages.

56. Because Melissa Oskroba's imposition of trespass without due process of law was malicious, oppressive, and reckless without regard to Gregory Ditch's well-established First Amendment right, Ditch is entitled to punitive damages against Melissa Oskroba.

**PRAYER FOR RELIEF**

A. Declare that Melissa Oskroba's issuance of a criminal trespass warning constitutes an unlawful prior restraint;

B. Declare that public space on and around District 203 property is a traditional public forum;

C. Declare that Melissa Oskroba has violated Gregory Ditch's right to engage in Free Speech;

D. Retract the trespass notice against Gregory Ditch;

E. Declare that Gregory Ditch's activities are protected by the First Amendment;

F. Award nominal, compensatory, and other damages to Ditch in the amount determined by the enlightened conscience of fair and impartial jurors.

G. Award punitive damages against Melissa Oskroba.

H. Award attorney's fees, expenses, and costs of litigation pursuant to 42 USC 1983.

I. Award any relief this Court deems proper and appropriate.

**DEMAND FOR JURY TRIAL**

In compliance with Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

/s/ Gregory Ditch

Gregory Ditch, pro se

522 Colchester Dr.

Oswego, IL 60543

Texasracer21@yahoo.com

281-221-0996

# EXHIBIT A



190 South LaSalle St, Suite 2550
Chicago, IL 60603-3140

**JOSEPH J. PERKOSKI**
jperkoski@robbins-schwartz.com

March 20, 2024          **VIA EMAIL AND U.S. CERTIFIED MAIL**

Greg Ditch
522 Colchester Dr.
Oswego, IL 60543
texasracer21@yahoo.com

**Re:**     **CEASE AND DESIST – NAPERVILLE CUSD 203**

Dear Mr. Ditch,

As you know, our law firm represents Naperville Community Unit School District 203 (the "District"). We understand that the ex-spouse of Melissa Oskroba, a District teacher and one of the subjects of your pending litigation against the District, was recently contacted by someone asking questions about her and her credibility. We have reason to believe that this contact came from you or someone you directed. We have also been apprised of information that you may be responsible for starting a petition on the website change.org entitled "Terminate Melissa Oskroba" demanding that the District fire Ms. Oskroba. Both of these occurrences seem to be directly connected to the allegations you are making in your complaints and previous communications to the District as the content is the same.

Based on these reasonable assumptions, the District views the contacting of Ms. Oskroba's ex-spouse and the change.org petition that you may have started as threatening and harassing behavior. This has caused fear and apprehension for District employees. Contacting the ex-spouse of a District employee and a person targeted in your litigation is wholly contrary to the litigation process you initiated and we can only assume the intent was to intimidate and harass Ms. Oskroba. We believe that if in fact you started the petition, which contains Ms. Oskroba's full name, picture, and place of employment, you have deliberately sought to make Ms. Oskroba a target in the community through false and defamatory statements.

The District is committed to protecting its employees. As such, based on the above, **this letter serves as the District's formal demand that you immediately cease and desist engaging in any harassing or intimidating conduct. Failure to do so will result in the District pursuing legal action against you.** In addition, we are directing you to immediately take down the online petition and refrain from communicating with Ms. Oskroba and any of her associates, including former and present family and friends. Further, you are to refrain from any intimidating or harassing behavior of any other current District employees. This includes through any means, including, but not limited to, email, first-class mail, certified mail, phone calls and/or voicemails, or social media messages.

You are additionally directed to refrain from appearing on District property. If you appear at any District function, location, and/or facility, you could be arrested for violation of 720 ILCS 5/21-5 (Criminal Trespass to State Supported Land). If you believe there is a legitimate reason for you to appear on District property, please contact me directly with a written request to do so.

 **Robbins Schwartz**

Mr. Greg Ditch
March 20, 2024
Page 2

The District prefers to resolve this matter without taking legal action, but if you fail to immediately comply with this cease-and-desist demand, we will pursue all available legal causes of action against you. Nothing in this letter, nor any act or omission by the District, shall be construed as a waiver of any of its rights or remedies, all of which are expressly reserved.

Please direct any questions regarding this letter to my attention via email correspondence.

Sincerely,

ROBBINS SCHWARTZ

By: Joseph J. Perkoski
Managing Partner

cc:     Bob Ross, Chief Human Resources Officer
        Chala Holland, Assistant Superintendent - Administrative Services
        Lou Cammiso, Director of Safety and Security

Attorneys at Law

# EXHIBIT B

**From:** Melissa Oskroba
**Sent:** 8/4/2021 10:32:57 AM
**To:** Gregory Ditch
**Subject:** Re: Unwanted equipment

---

Pay attention to driving!  Let's get together to see exactly what we have to I can let the other school know.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

On Aug 4, 2021, at 10:27 AM, Gregory Ditch <GDitch@naperville203.org> wrote:

The metal working equally. Sheers, brake. I still have some welders in the basement they can have.

Get Outlook for iOS

---

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:26:19 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>
**Subject:** Re: Unwanted equipment

What did you dispose through District?  I have another school who is interested in our stuff.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

On Aug 4, 2021, at 10:22 AM, Gregory Ditch <GDitch@naperville203.org> wrote:

I disposed of stuff over the summer and went through the district office. I need to get with Gwynn and update our inventory tomorrow. Right now there's nothing else we need to remove.

Get Outlook for iOS

---

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:17:24 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>

Bates No. 006446

Greg,

Do you still have equipment that you were looking to get rid of? What did Chris take? What is left that you no longer want?

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487
CTE Website: www.nnhscte.com
CTE Youtube: https://tinyurl.com/northcte

**From:** Melissa Oskroba
**Sent:** 8/4/2021 10:39:12 AM
**To:** Gregory Ditch
**Subject:** Re: Unwanted equipment

---

It's the old old auto teacher than now works at a Career Center in Aurora.  He is looking for any of the fabrication tooling he used to have. Feid told him we were getting rid of stuff.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

On Aug 4, 2021, at 10:35 AM, Gregory Ditch <GDitch@naperville203.org> wrote:

I'm stopped for a minute. I'll be there later today to clean floors. What kind of program is it and what do they need? Right now I'm prett sure all I am going to have are some welders down in the basement.

Get Outlook for iOS

---

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:32:57 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>
**Subject:** Re: Unwanted equipment

Pay attention to driving!  Let's get together to see exactly what we have to I can let the other school know.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

On Aug 4, 2021, at 10:27 AM, Gregory Ditch <GDitch@naperville203.org> wrote:

The metal working equally. Sheers, brake. I still have some welders in the basement they can have.

Get Outlook for iOS

---

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:26:19 AM

Bates No. 006448

What did you dispose through District?  I have another school who is interested in our stuff.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487


On Aug 4, 2021, at 10:22 AM, Gregory Ditch <GDitch@naperville203.org> wrote:


I disposed of stuff over the summer and went through the district office. I need to get with Gwynn and update our inventory tomorrow. Right now there's nothing else we need to remove.

Get Outlook for iOS

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:17:24 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>
**Subject:** Unwanted equipment

Greg,

Do you still have equipment that you were looking to get rid of?  What did Chris take?  What is left that you no longer want?

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487
CTE Website: www.nnhscte.com
CTE Youtube: https://tinyurl.com/northcte

Bates No. 006449

**From:** Melissa Oskroba
**Sent:** 8/4/2021 11:24:46 AM
**To:** Gregory Ditch
**Subject:** Re: Unwanted equipment

What did you do with the other items?  Throw them away?

Let's get the welders together.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

On Aug 4, 2021, at 10:43 AM, Gregory Ditch <GDitch@naperville203.org> wrote:

Well darn he's about a month late on that stuff. I've got some welders he can have.

Get Outlook for iOS

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:39:12 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>
**Subject:** Re: Unwanted equipment

It's the old old auto teacher than now works at a Career Center in Aurora.  He is looking for any of the fabrication tooling he used to ha
 Chris Feid told him we were getting rid of stuff.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

On Aug 4, 2021, at 10:35 AM, Gregory Ditch <GDitch@naperville203.org> wrote:

I'm stopped for a minute. I'll be there later today to clean floors. What kind of program is it and what do they need? Right now I'm
pretty sure all I am going to have are some welders down in the basement.

Get Outlook for iOS

Bates No. 006450

From: Melissa Oskroba <moskroba@Naperville203.org>
**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:32:57 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>
**Subject:** Re: Unwanted equipment

Pay attention to driving! Let's get together to see exactly what we have to I can let the other school know.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

> On Aug 4, 2021, at 10:27 AM, Gregory Ditch <GDitch@naperville203.org> wrote:
>
> The metal working equally. Sheers, brake. I still have some welders in the basement they can have.
>
> Get Outlook for iOS

---

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:26:19 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>
**Subject:** Re: Unwanted equipment

What did you dispose through District? I have another school who is interested in our stuff.

Melissa Oskroba
Department Chair
Career & Technical Education
Naperville North High School
630-420-6487

> On Aug 4, 2021, at 10:22 AM, Gregory Ditch <GDitch@naperville203.org> wrote:
>
>
> I disposed of stuff over the summer and went through the district office. I need to get with Gwynn and update our inventory tomorrow. Right now there's nothing else we need to remove.
>
> Get Outlook for iOS

---

**From:** Melissa Oskroba <moskroba@Naperville203.org>
**Sent:** Wednesday, August 4, 2021 10:17:24 AM
**To:** Gregory Ditch <GDitch@Naperville203.org>
**Subject:** Unwanted equipment

Greg,

Do you still have equipment that you were looking to get rid of? What did Chris take? What is left that you no longer want?

Melissa Oskroba

Bates No. 006451

Department Chair
Career & Technical Education
Naperville North High School
630-420-6487
CTE Website: www.nnhscte.com
CTE Youtube: https://tinyurl.com/northcte

Bates No. 006452

# EXHIBIT C

**2020-2021 Naperville Autos Inventory**

| | | | total cost | | Notes |
|---|---|---|---|---|---|
| CTEI | 3/31/21 | Eastwood 1 ton capacity gantry crane | 831.03 | Equipment | ✓ |
| CTEI | 15 | sets of tire pressure gauges (2pk) — *was not able to count* | 57.75 | materials | *dispensed through shop* |
| CTEI | 25 | Performance W1173 SAE 40pc socket set  - silver | 205.92 | materials | *all sets incomplete* |
| CTEI | 1 | Panda 30 pk tire tread depth gauge | 19.99 | materials | *found ~ 5* |
| CTEI | 15 | Briggs & Stratton vertical endgine 5 TP | 2,085.00 | materials | *disposed (unauthorized)* |
| CTEI | 3 | IRIS  19 qt stack & pull storage bin(6 pk) | 115.98 | materials | ✓ |
| CTEI | 2 | IRIS  17 qt stack & pull storage bin (6 pk) | 77.32 | materials | ✓ |
| CTEI | 8 | Ernst Manf - 5016 black gripper wrench 12 tool | 59.92 | materials | ✓ |
| CTEI | 1 | Heavy duty 1,000# capacity beam trolley | 89.80 | materials | ✓ |
| CTEI | 4 | Heavy duty 3-tier metal utility rolling cart, red | 147.48 | materials | *no* |
| CTEI | 4 | 7-pc oil filter cap wrench tool kit | 84.80 | materials | ✓ |
| CTEI | 4 | Cartman 3 ton jack stands (pairs) | 135.96 | materials | ✓ |
| CTEI | 4 | Gearwrench 20 pc ratcheting wrendh set | 261.08 | materials | *all sets incomplete* |
| CTEI | 1 | Jump-N-carry 1700 peak amp 12 volt-jump starter | 123.49 | materials | *no* |
| CTEI | 3 | WEN 300# capacity pneumatic rolling mechanid tool seat | 94.53 | materials | ✓ |
| CTEI | 1 | cordless leaf blower w/charger | 69.99 | materials | ✓ |
| CTEI | 1 | 15-inch pressure washer surface cleaner   4000 PSI | 79.99 | materials | *no - disposed* |
| CTEI | 1 | Big Red manual hand lift steel chain block hoist -1 ton capicity, red | 60.55 | materials | ✓ |
| CTEI | 1 | Karcher K5 premium electric pressure washer 2000 PSI | 219.99 | materials | *no - disposed* |
| CTEI | 1 | K Tool International low profile 3.25 ton service jack | 149.99 | materials | ✓ |
| CTEI | 1 | hydraulic scissor lift table cart dolly scissor jack hoist stand 500# cap | 249.99 | materials | ✓ |
| CTEI | 3 | Pneumatic tool 3018 3.5" digital tire inflator | 167.82 | materials | *2 - one broke* |
| CTEI | 1 | hydraulic press 20 ton fhop press 44000# w/H frame | 329.98 | materials | ✓ |
| CTEI | 1 | Eastwood haevy duty tear down table | 576.37 | materials | ✓ |
| CTEI | 1 | Husky shelf  48x78x24 red  5 shelves  -Home Depot | 299.94 | materials | *no* |
| CTEI | 1 | Autool SDT-202 Car EVAP system leak testing machine -fuel pipe | 199.99 | materials | *no* |
| CTEI | 1 | EWK 15L pnrematic/manual oil extractor pump - break bleeding | 111.99 | materials | ✓ |

| 2022-2023 | Naperville Autos Inventory | | | total cost | | Notes: |
|---|---|---|---|---|---|---|
| CO | | 10 rolling shop stool | Amazon / Prolift | 391.90 | | ✓ ? |
| CO | | 5 Heavy duty shop tables - red | Jegs | 1,409.90 | | ✓ |
| CETI | 8/19/22 | Gasoline Driven Hot water Pressure washer | | 2,700.00 | equipment | ✓ |
| CETI | 7/28/22 | Cylinder Head - Summit Racing | SDM-PCE281-2075 | 1,260.00 | equipment | ✓ |
| CTEI | 9/20/22 | Engine top end build kit - Summit Racing | kit | 708.98 | equipment | ✓ |
| CETI | 9/20/22 | Mustang parts - Kenny Brown | front suspension | | equipment | ✓ |
| CETI | 9/20/22 | Mustang parts - Kenny Brown | suspenion cradle | | equipment | ✓ |
| CETI | 9/20/22 | Mustang parts - Kenny Brown | adjust. Shock system | 4,401.42 | equipment | ✓ |
| CETI | 11/2/22 | Husly Mechanics Tool set 505 pc | | 559.00 | equipment | incomplete - Scattered around shop |
| CETI | 7/28/22 | Sandusky LeeTransport Mobile Storage Cabinet | TA3R362460-09 | 920.59 | equipment ?? | |
| CETI | 20 | USAuto Training.com  study guide | | 121.00 | materials | — |
| CETI | 7 | Gearwrench hammer and mallet  set (5pc) | | 601.93 | materials | ✓ |
| CETI | 14 | Husky tool cart 31x16 2-tray  Summit Racing | | 1,119.58 | materials | ✓ |
| CETI | 7 | Oil filter wrench set  (Summit Racing) | | 489.93 | materials | ✓ |
| CETI | 7 | Husky test set 235pc | | 693.00 | materials | incomplete |
| CETI | 1 | Portable oil drain pan w/pump low profile | | 153.93 | materials | ✓ |

Bates No. 007481

| 2021-2022 Naperville Autos Inventory | | | | total cost | | Notes: |
|---|---|---|---|---|---|---|
| CO | | 4 Husky Cabinets 36x72x18 black | Home Depot | 1,049.96 | | ✓ |
| CO | | 1 Husky Cabinet 48x72x18 black | Home Depot | 375.00 | | ✓ |
| CO | | 26 shop stools - metal | Amazon | 868.28 | | not in shop |
| CTEI | 9/23/21 | DSS Racing piston set - Summit Racing | DMS-K9789-3785 | 499.95 | equipment | no |
| CTEI | 9/23/21 | Intake manifold kit - Summit racing | HLY-300-620BK | 749.95 | equipment | ✓ |
| CTEI | 9/22/21 | 42" tool chest - Ricky Racing | 42TCC-BLU | 3,158.17 | equipment | ✓ |
| CTEI | 2 | REELWORKS air hose reel 1/4" x 65' hose | | 179.98 | materials | ✓ |
| CTEI | 1 | New leak down tester engine cylinder leak tester gauge set | | 34.98 | materials | ✓ |
| CTEI | 6 | Porter cable corded drill 3/8" | | 246.06 | materials | ✓ |
| CTEI | 5 | Dewalt T mechanics tool kit and socket set 142 pc | | 445.00 | materials | incomplete sets |
| CTEI | 1 | 10 ton hydrolic gear puller wheel bearing pulling separator | | 84.99 | materials | ✓ |
| CTEI | 2 | Xttremepower 24" high velocity floor fan-rolling drum shop fan | | 251.90 | materials | not in shop |
| CTEI | 5 | Motopower 12V digital battery tester voltmeter and charging system | | 68.90 | materials | ✓ |
| CTEI | 2 | 1/2" drive deep impact socket set 20pc | | 83.98 | materials | ✓ |
| CTEI | 5 | 10 pc magnetic screwdriver set | | 74.90 | materials | 1 w/ 1/2 set |
| CTEI | 5 | 7pc utility pliers and wrench set | | 94.95 | materials | incomplete |
| CTEI | 1 | grease gun w/flex hose | | 21.99 | materials | ✓ |
| CTEI | 1 | Eleven guns 14pc car tool kit, essential prof emergency car out tools | | 33.99 | materials | ✓ |
| CTEI | 5 | Black&Decker angle grinder tool 4-1/2" 6 amp | | 143.00 | materials | ✓ |
| CTEI | 5 | Craftsman pry bar set (4pc) | | 114.90 | materials | ✓ |

Bates No. 007480

# EXHIBIT D

**From:** Melissa Oskroba
**Sent:** Monday, September 25, 2023 8:28 AM
**Subject:** Important Notice Regarding Auto Shop Items

Dear Parents and Students,

I hope this message finds you well. We would like to bring to your attention an unfortunate matter of significance concerning the Auto Shop at Naperville North High School. While this may not pertain to all students from last year, we want to make everyone aware,

especially if you have additional information that may help us recover items to support the current students in the Auto program as I will elaborate on further below.

It has recently come to our attention that certain items from the Auto Shop were distributed to students by the previous instructor, who did not possess the authority to do so. These items are the property of the school and funded through the district. We understand that these items may have been received by students without knowing the teacher wasn't authorized to give them away, and we are eager to resolve this matter in an efficient, discreet manner.

We kindly request that, if you are in possession of any items from the NNHS Auto Shop that were distributed by the previous instructor, you please take a moment to return them to the school building. We want to assure you that no further action will be taken if these items are returned promptly. If you need assistance with returning items due to size and/or weight, please contact us and we will make arrangements to assist.
However, in the unfortunate event that we do not receive these items within a reasonable timeframe, we will consider further measures to address the situation. Our primary goal is to ensure that all Auto Shop resources are accounted for and enhance the experience of all NNHS students enrolled in our Automotive classes.

We appreciate your cooperation and understanding in this matter. If you have any questions or concerns, or items to return please do not hesitate to reach out to us at Melissa Oskroba, CTE Dept. Chair (moskroba@naperville203.org).

Thank you for your prompt attention to this important issue.

Sincerely,
Stephanie Posey
Principal
Naperville North High School
sposey@naperville203.org

Confidentiality Notice: This message and any attachments may contain confidential and privileged information that is protected by law. The information contained herein is transmitted for the sole use of the intended recipient(s). If you are not the intended recipient or designated agent of the recipient of such information, you are hereby notified that any use, dissemination, copying or retention of this email or the information contained herein is strictly prohibited and may subject you to penalties under federal and/or state law. If you received this email in error, please notify the sender immediately and permanently delete this email. We may monitor email to and from our network.

# EXHIBIT E



Articles  People  Learning  Jobs  Get the app  Join now  Sign in



## Melissa Oskroba

CTE Department Chair at Naperville North High School District 203

Naperville, Illinois, United States · Contact Info

270 connections

 See your mutual connections

Join to view profile   Message

 Naperville Community Unit School District 203

Aurora University


LINKEDIN  ✕

Networking made easy in the app

Don't have the app? Get it in the Microsoft Store.

Open the app

## Activity

# EXHIBIT F

Case: 1:24-cv-02456 Document #: 1 Filed: 03/26/24 Page 37 of 50 PageID #:37



Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th...

**BREAKING**   Winter storm warning in effect: Track live radar, Illinois road conditions here

**NBC 5 RESPONDS**

# Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say They've Lost Thousands

From a church group, to couples looking for a place for their wedding, more families contact NBC 5 saying a vacation rental property near Peoria took thousands of dollars, canceled their reservations and issued no refunds.

By Lisa Parker and Tom Jones • Published November 9, 2022 • Updated on November 9, 2022 at 10:25 pm

3/22/24, 9:11 AM

Case: 1:24-cv-02456 Document #: 1 Filed: 03/26/24 Page 38 of 50 PageID #:88 NBC Chicago

Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th...





**NEWS**

Harvard-trained toxic parenting expert: 5 phrases I never say to my kids



**TRENDING NEWS**

McDonald's sets the record straight on the viral $12 dinner box debate



**CHICAGO BEARS**

Chicago Bears offer blunt statement after questions on Arlington Heights future



**CHICAGO FORECAST**

Winter storm warning, advisories in effect; 6 inches of snow or more expected in some parts



**CHICAGO WEATHER**

Live Radar: Track snow, Illinois road conditions as winter weather advisory continues

**SPONSORED**

The All New Mind Blowing BMW X6M Is Finally Here (Take a...

Favorite Searches

From a church group, to couples looking for a place for their wedding, more families contact NBC 5 saying a vacation rental property near Peoria took thousands of dollars, canceled their reservations

Gorgeous in its rental listing but with an ugly downside, a lakeside vacation rental ruse near Peoria continues to rack up victims, many of whom say they are out thousands of dollars with no R&R to show for it.

NBC 5 Responds first exposed problems surrounding the downstate Norris Outdoor Adventure property out of Farmington in September, and since then, more complaints have come in.

A church group said it is owed thousands of dollars after putting down a deposit.

Case: 1:24-cv-02456 Document #: 1 Filed: 03/26/24 Page 39 of 50 PageID #:99 Chicago



to be ghosted after paying.

All said the former owner of this property, Amy Shymansky, took their money and waited until days before their reservation to cancel the stay and not issue a refund.



Photos shared online and taken by former customers show the lake amenities advertised at Norris Outdoor Adventure in Farmington, Illinois.

Now, while giving up hope that they will ever see their money back, these alleged victims of Norris Outdoor told NBC 5 Responds they are relying on law enforcement for support.

**Weather Forecast**

CHICAGO, IL

TONIGHT

3/22/24, 9:11 AM

Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th...



Responds.

Local law enforcement said their investigation is very much active but will not divulge where it's at, or any additional details.

Some families in Illinois and beyond said they thought it only happened to them, until they saw NBC 5's reporting.

"I said, 'Oh, my gosh, it sounds just like our story,'" said Michelle McAvoy from Manhattan, Illinois.

"It's happening to multiple families," Haley MacEwan explained from her home in Ohio. "I think there should be some legal action taken."

## 'It was the ideal situation.'

For McAvoy, she said her reservation at Norris Outdoor Adventure was going to be July Fourth, with all the works.

"I showed it to the family, and they all said, 'Yeah, it looks great! Let's go!'"

McAvoy said she had stayed at the Norris property previously and figured a second reservation the first week of July this year would go off without a hitch. Receipts show she paid in advance, more than $5,800.

**TOMORROW**

Cloudy
0.13% Precip

**38°**

3/22/24, 9:11 AM

Case: 1:24-cv-02456 Document #: 1 Filed: 03/26/24 Page 41 of 50 PageID #:41

Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th...



"I haven't gotten any money back," McAvoy said. "Haven't heard anything more from them."



A McAvoy family photo from their first time staying at Norris Outdoor Adventure. Their second reservation was canceled, with no refund issued, McAvoy tells NBC 5 Responds.

MacEwan is in the same boat. She said her family and friends from out of state all chipped in to reserve the Norris property, coincidentally scheduled for the week after McAvoy's booking, paying the same price.

Subscribe to our Newsletters

Sign up to receive breaking news alerts in your inbox.



Enter your email          Sign up

PRIVACY POLICY

Their excitement was short-lived.

Both MacEwan and McAvoy shared similar accounts: As the days ticked closer to their reservation, phone calls and texts to Shymansky were ignored. Emails to Shymansky's business suddenly were "undeliverable," and the website for the gorgeous lakefront property suddenly disappeared.

Not hearing a word until literally days before their reservations were slated to begin, they said they received an email from an attorney representing Shymansky.

"Her attorney sent me an email, like I'm sure he sent everybody," McAvoy shared, "saying that on behalf of Amy Shymansky, they're not going to be able to accommodate us on our vacation. They're no longer renting the property. And yeah, that's pretty much it."

The email, from Shymansky's attorney Trygve Meade, included the same wording as other emails Norris customers received, and shared with NBC 5.

The email reads, in part, "Unfortunately, [Norris Outdoor Adventure] is no longer going to be available for rent… We will be in touch with further details regarding a refund of any money previously paid."

Attorney Meade and Shymansky did not respond to repeated requests for comment for this report.

3/22/24, 9:11 AM
Case: 1:24...Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say They've Lost Thousands – NBC Chicago

Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th…

both McAvoy and MacEwan out thousands of dollars and no path toward salvaging their planned vacation.

McAvoy said, "That came out of my savings, and I'm not working right now. So, yeah, it's a lot."

MacEwan was equally upset over the whole ordeal, which not only impacted her family but eight other families with 15 to 18 kids in their friend group.

"We were all out a lot of money that we had paid for this location," MacEwan said. "And none of us could really afford to front more money for another vacation."

## 'This sounds just like our story.'

Both MacEwan and McAvoy said they were surprised when they saw NBC 5's reporting this September, detailing the cases of other families in the same predicament.

NBC 5 first started investigating the situation surrounding the Farmington property this past Spring when seven other families told NBC 5 they collectively were owed tens of thousands of dollars.

Melissa Oskroba from Naperville has been keeping track of victims owed money, organizing a self-described "support group" for those who feel their trust was violated by Norris owner Shymansky.

3/22/24, 9:11 AM

Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th...



story aired. "Hopefully we can show a pattern of behavior and elevate this to a criminal case and not just a civil one."

*Watch the original story below, or click here.*

Located in the town of Farmington, Illinois, an eight-bedroom lakeside home lured in many customers hoping to escape the city. In the end, they say it was all a ruse, geared towards taking their money, and the mysterious owner behind the property is nowhere to be found. Lisa Parker has more in NBC 5 Responds

"So many people I know have reached out to me saying how important it is to give everyone a voice," Oskroba said.

customers who say they lost deposits.

Investigators in Fulton County, where the Farmington property is located, have also received those calls.

Records obtained by NBC 5 show some customers called the Fulton County Sheriff's Department after seeing our report.

Behind each report of investigations tied to the Norris Outdoor Adventure property's address is a family or couple voicing frustration and grief.

"Suspect has yet to refund $3,670 for renting the property," one report reads.

Another report that details a potential debtor said the caller has, "not been able to get in contact with the suspect since January 2022... they have paid around $15,000 to reserve the place for a wedding in June."

Many of the alleged victims who spoke with NBC 5 said Fulton County investigators told them earlier this year the State Attorney's office had ruled the situation as a "civil matter," like MacEwan.

"I reached out to the detective and he got back to me and said, 'The [State] Attorney is not willing to take this and pursue criminal charges."



confirms what MacEwan said.

But both the Fulton County Sheriff's Department and the State Attorney's office told NBC 5 that's no longer the case.

"This investigation is still open and has never been closed," Sgt. Jon Webb with the Fulton County Sheriff's Department wrote NBC 5. "The State's Attorney has a three-year statute of limitations to prosecute a case such as this, and we will look into any new reports that are made."

Anyone who believes they are owed money by Shymansky or Norris Outdoor Adventure are encouraged to contact the Fulton County Sheriff's Department (to learn more, click here).

Frustrated customers hope investigators will see the pattern of victims, and pursue legal action.

"For her to get away with it and to keep taking money from people with this fraudulent property is so frustrating," MacEwan said.

## Have a consumer complaint? Call 1-844-NBC-RESP or **click here to let us know**, so we can help.

### More From NBC 5 Responds:





**Home Insecurity? Woodstock Flower Farmer Frustrated Over Faulty Home Security System**



**NBC 5 RESPONDS · OCT 19, 2022**

**Hyundai and Kia Owners Across Chicago Latest Victims of 'Trendy' Theft Wave**

This article tagged under:

**NBC 5 RESPONDS**

FACTSANDFUN.COM | SPONSORED

**4 Sisters Take The Same Picture For 40 Years. Don't Cry When You See The Last One!**

TODAY'S NYC | SPONSORED

**Remember Brandi From Storage Wars? Here's How She Ended Up**

MONEYAWAITS.COM | SPONSORED

**The Tipping Points that Changed Romantic Relationships for Good**

PRIMENUTRITIONSECRETS.COM | SPONSORED

**MD: Building Muscle After 60 Comes Down To This 1 Thing**

SUGGEST-ME | SPONSORED

3/22/24, 9:11 AM

Case: 1:24-cv-02456 Document #: 1 Filed: 03/26/24 Page 48 of 50 PageID #:48

Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th...



**SUGGEST-ME | SPONSORED**

## Revealed: The Gorgeous Outlander PHEV Release Is Here (& Affordable)

**LEAF FILTER USA | SPONSORED**

## Here's What a New Gutter System Should Cost You In 2024

Learn More

**GOSEARCHES | SPONSORED**

## Best 4x4 SUVs To Turn Into Camper Vans (Take A Look)

**JUSTIN FIELDS**

## NFL insider Ian Rapoport reveals a stunning new detail of how the Justin Fields trade unfolded

**WOMEN'S HISTORY**

## Meghan Jones makes history as Cubs' first woman VP in baseball operations



| | |
|---|---|
| **ABOUT NBC CHICAGO** | **NBC SPORTS CHICAGO** |
| **TELEMUNDO CHICAGO** | |
| **OUR NEWS STANDARDS** | |
| **SUBMIT TIPS FOR INVESTIGATIONS** | |
| **NEWSLETTERS** | |

WMAQ Public Inspection File

WMAQ Accessibility

WMAQ Employment Information

Send Feedback

FCC Applications

Terms of Service

Your Privacy Choices

Case: 1:24-cv-02450 Document #: 1 Filed: 08/26/24 Page 49 of 50 PageID #: 49



Illinois Vacation Rental Ruse: More Alleged Victims Come Forward, Say Th...

CA Notice

Ad Choices

Copyright © 2024 NBCUniversal Media, LLC. All rights reserved

From:
G. Ditch
522 Colchester Dr
Oswego, IL 60543

Retail

U.S. POSTAGE PAID
FCM LG ENV
STREAMWOOD, IL 60107
MAR 22, 2024

60604

$3.31

RDC 99

R2308M154029-35

UNITED STATES
POSTAL SERVICE

Northern Illinois District Court
Attn: Clerk of the Court
219 South Dearborn St.
Chicago, IL 60604